UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFAN GASTON, | 1:12-cv-00167 MJS HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| R. DIAZ, Warden, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

**I.    DISCUSSION**

   **A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260

F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Factual Summary

On February 6, 2012, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) Petitioner challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole on January 6, 2011. (Pet., Ex. C.) Petitioner raises three claims regarding the Board's decision to deny him parole. First, Petitioner claims that the five year denial of parole based on Marsy's Law was a violation of the Ex Post Facto Clause of the Constitution. Second, Petitioner alleges that his plea and sentencing violated due process and the Double Jeopardy clause of the Fifth Amendment in that his conduct relating to the underlying conviction is again being used to punish him when used by the Board in denying him parole. Finally, Petitioner seeks to have disciplinary findings regarding to six incidents between 1995 to 2011 expunged to prevent them from adversely affecting future parole determination hearings.

### C. Federal Review of State Parole Decisions

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of

Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

1    Here, to the extent Petitioner argues that the Board relied on evidence relating to
2    Petitioner's crime, Petitioner asks this Court to engage in the very type of analysis foreclosed
3    by <u>Swarthout</u>. In this regard, Petitioner does not state facts that point to a real possibility of
4    constitutional error or that otherwise would entitle Petitioner to habeas relief because
5    California's "some evidence" requirement is not a substantive federal requirement. Review of
6    the record for "some evidence" to support the denial of parole is not within the scope of this
7    Court's habeas review under 28 U.S.C. § 2254. The Court concludes that to the extent
8    Petitioner claims challenge the evidence supporting the unsuitability finding, the claims should
9    be dismissed. As it appears that no tenable claim for relief can be pleaded were leave granted,
10   the claim is dismissed without leave to amend. <u>Jarvis</u>, 440 F.2d at 14.

### D. Ex Post Facto Clause

12   Petitioner presents ex post facto claims, based on Proposition 9 which was approved
13   by California voters in 2008 and amended California Penal Code § 3041.5[2] to defer
14   subsequent parole consideration hearings for longer periods of time. <u>Id.</u> Proposition 9, also
15   known as Marsy's Law, potentially is a retroactive application of a parole statute in violation
16   of the ex post facto clause because the application of that statute results in an increased
17   parole deferral period and a longer term of incarceration. See <u>Gilman v. Schwarzenegger</u>, 638
18   F.3d 1101, 1103-1105 (9th Cir. 2011) (describing the changes to extend the deferral period
19   for subsequent parole hearings from a range of one to five years to a range of three to fifteen
20   years). Based on the potential increased length of parole deferral periods "changes required
21   by Proposition 9 appear to create a significant risk of prolonging [prisoners'] incarceration." <u>Id.</u>
22   at 1108 (citation omitted). Despite such appearance, the Ninth Circuit reversed the grant of
23   a preliminary injunction to a class of plaintiffs based on a failure to show a likelihood of
24   success on the merits of such a challenge. <u>Id.</u> at 1110-11. The decision was based on the
25   presumption that Marcy's Law allows for, and that the Board will schedule, advance parole

---

[2] This statute governs parole hearings, rights of prisoners, written statements by the parole board, rehearings and requests to advance parole hearings. <u>Id.</u> There is no mention of good-time or work-time credits in California Penal Code § 3041.5.

hearings that theoretically could be provided before the three year minimum deferral period. Id. at 1107-11. However, the underlying litigation is still pending. See Gilman v. Brown, CIV-S-05-0830 LKK GGH, 2008 U.S. Dist. LEXIS 17949.[3]

Petitioner's claim raises conceptual problems insofar ar as a 42 U.S.C. § 1983 action is pending with respect to the validity of the Marsy's Law provision at issue. As described above, Gilman v. Brown has been certified as a class action. The parameters of the Gilman class, as is made clear in the order certifying the class, likely include Petitioner. (Order, filed on March 4, 2009, in Gilman v. Brown, CIV-S-05-0830)[4] The Gilman class consists of: California state prisoners who: "(i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions." 2009 U.S. Dist. LEXIS 21614 at *11.[5] Petitioner is serving a life term with the possibility of parole and is potentially challenging a parole suitability hearing.

A 42 U.S.C. § 1983 action, such as that in Gilman, is the appropriate vehicle for challenging the constitutionality of Marsy's Law as Petitioner seeks to do here. The Supreme Court has found that where prisoners seek the invalidation of state procedures used to deny parole suitability or eligibility, but did not seek an injunction ordering their immediate release from prison, their claims were cognizable under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005). Here, Petitioner challenges the validity of a parole statute or regulation on the basis that its application to him violates the ex post facto clause. Petitioner's ultimate goal is a speedier release from incarceration. However, the immediate relief sought in this claim, and in Gilman, is a speedier opportunity to attempt

---

[3] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the Court takes judicial notice of the Gilman v. Brown matter.

[4] See Docket # 182 of Case No. 05-CV-0830.

[5] As noted in the October 18, 2010, Order, at p. 3, the Ninth Circuit affirmed the Order, certifying the class. See Docket # 258 in Case No. 05-CV-0830.

1 to convince the Board once again that he should be released. Such a claim is too attenuated
2 from any past finding by the Board for such a claim to sound in habeas. Furthermore, a plaintiff
3 who is a member of a class action for equitable relief from prison conditions may not maintain
4 a separate, individual suit for equitable relief involving the same subject matter of the class
5 action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie,
6 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from
7 alleged unconstitutional prison conditions cannot be brought where there is an existing class
8 action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow
9 individual suits would interfere with the orderly administration of the class action and risk
10 inconsistent adjudications."). If Petitioner seeks relief speedier than that being adjudicated for
11 the other class members, he can raise that issue by requesting to opt out of the class action.
12 McReynolds v. Richards-Cantave, 588 F.3d 790, 800 (2nd Cir. 2009).

13 Accordingly, it is recommended that Petitioner's claim with respect to Marsy's Law be
14 dismissed without prejudice to its resolution in the Gilman class action.[6]

15 **E. Double Jeopardy**

16 Petitioner claims that the use, in the Board's 2011 decision denying him parole, of
17 statements he made during his plea and sentencing violated due process and the Double
18 Jeopardy Clause. (Pet. at 16-19.)

19 Petitioner appears to be arguing that the 2011 parole suitability proceeding before the
20 Board constituted a new punishment based on the same offense and that this violated the
21 Double Jeopardy Clause. (Pet. at 16-19.) The Double Jeopardy Clause of the Fifth
22 Amendment commands that "[n]o person shall ... be subject for the same offence to be twice
23 put in jeopardy of life or limb." "Under this Clause, once a defendant is placed in jeopardy for
24 an offense, and jeopardy terminates with respect to that offense, the defendant may neither
25 be tried or punished a second time for the same offense." Sattazahn v. Pennsylvania, 537

---

[6] It is noted that Defendants filed a motion to decertify the class on August 7, 2012. See Docket No. 427 of Case No. 05-CV-0830. As the claim is being dismissed without prejudice, Petitioner may be entitled to seek further relief should his rights no longer be adequately represented in Gilman.

1 U.S. 101, 106, 123 S. Ct. 732, 154 L. Ed. 2d 588 (2003).

2 Petitioner's 2011 suitability hearing was not a new trial on the charges against him and it did not result in the imposition of any new punishment. Rather, it was a hearing to determine whether petitioner was at that time suitable for parole. The Board's decision that petitioner was not suitable for parole did not increase his sentence nor did it alter his conviction in any way. See Mayfield v. Carey, 747 F. Supp.2d 1200, 1212 (E.D. Cal. 2010) ("Petitioner's [Double Jeopardy] claim fails because the Board's decision did not subject him to either a second criminal prosecution or to multiple punishments for the commitment offense."); DeSilva v. Allison, No. 1:11-cv-0263-LJO-SKO-HC, 2011 U.S. Dist. LEXIS 37340, 2011 WL 1326958, at *6 (E.D. Cal. Apr. 6, 2011) ("Petitioner was sentenced to a term of fifteen (15) years to life" and therefore "could not allege facts to constitute a cognizable claim that the denial of parole violated the Double Jeopardy Clause[.]")

Accordingly, petitioner is not entitled to federal habeas relief with respect to his Double Jeopardy claim. The Court concludes that it would be futile to grant Petitioner leave to amend his Double Jeopardy claim and recommends that the claim be dismissed without leave to amend.

### F.    Expungement of Disciplinary Proceedings

Petitioner requests that the Court expunge six disciplinary findings which Petitioner accrued between 1995 to 2011. Petitioner asserts that the Board relied on the disciplinary findings despite the fact that the conduct in question was nonviolent in nature. To the extent Petitioner challenges the Board's finding, this Court is foreclosed from engaging in such analysis in light of Swarthout. Further, to the extent that Petition seeks to expunge the disciplinary findings based on the likely impact on his next parole hearing, Petitioner must direct his challenge to a specific disciplinary hearings and provide an adequate legal basis for claiming the disciplinary findings therein were made in violation of law. Here, Petitioner's only argument, that the disciplinary findings will have a negative impact on future parole hearings is insufficient. Moreover, in order to present this claim in Federal court, Petitioner must exhaust his claims regarding the disciplinary hearings before the highest state court. This claim shall

be dismissed without prejudice.

### G.     Conclusion

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440 F.2d at 14.

Although Petitioner asserts that his right to due process of law was violated by the Board's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1. Further, Petitioner's other claims regarding the hearing are either without merit or not properly presented before this court.

### H.     Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (a)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial

of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED[7];

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 14, 2012                    /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE

---

[7] Petitioner's claims regarding the Ex Post Facto clause and regarding the disciplinary hearing findings are dismissed without prejudice.